## CHICAGO, R. I. & P. RY. CO. v. HENDERSON, County Treas.

No. 21795. Feb. 13, 1934.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for plaintiff in error.

C. N. Ernest, for defendant in error.

OSBORN, J. This action was filed in the district court of Grant county by the Chicago, Rock Island & Pacific Railway Company against W. T. Henderson, county treasurer of Grant county, for recovery of certain taxes paid under protest for the fiscal year of 1926-27. From a judgment in favor of defendant, plaintiff has appealed.

It is shown that on July 1, 1926, there was a surplus balance on hand in the general fund in the amount of $50,638.68, but instead of using said surplus for the purpose of reducing the tax levy for the ensuing fiscal year. the board of county commissioners issued an order transferring $43,352.09 out of said fund to the county highway fund, thereby showing a balance in the general fund of $7,128. The plaintiff contends that there was no authority for said transfer, and alleges that if the correct balance had been shown, it would have resulted in a substantial decrease- in the tax levy for the county general fund.

Defendant contends that the funds transferred from the general fund to the county highway fund were in fact county highway funds, and were erroneously shown as a surplus in the county general fund, and to substantiate his position shows that prior to July 1, 1926, the officials of Grant county had disregarded the provisions of chapter 48, S. L. 1923-24, which provide for a separate county highway fund, but for the years preceding said date the county highway fund had been treated as a part of the county general fund. It is further shown that general fund warrants are issued in payment of claims filed against the county highway fund.

The transfer of funds was not treated as a supplemental or additional appropriation provided for in section 9701, C. O. S. 1921 (sec. 12680, O. S. 1931), but apparently was treated as an adjustment of an error arising by a misunderstanding of the law which provided for the separation of these two funds.

It is fundamental that in order to justify the removal of funds from one fund to another fund on account of a wrongful apportionment, it is necessary to establish the source from which the funds were received, for only in this manner are we able to determine whether the apportionment is correct or incorrect. Although the burden of proof is upon plaintiff, yet, in this case, due to the fact that all the provisions of law tend to safeguard the public in the handling of its funds by statutory direction. the officials have no right to juggle public funds levied' for one purpose to another fund provided for another purpose unless the evidence is clear, cogent, and convincing that the funds, in fact. belonged to that fund into 'which they were transferred. We have very carefully examined the record herein, and fail to find any evidence which would assist us in determining the source of the funds so transferred. The county clerk. who was a witness for defendant, was unable to testify on this point. The county treasurer was unable to testify as to the source of said funds. The only record evidence shown is the financial statement and estimate, which fails to cast any light on this issue.

It is alleged by defendant that there was

a deficit in the county highway fund and a surplus in the general fund which indicated an improper apportionment. The proof also failed on this issue. As we have said, the county highway fund was treated as a part of the general fund, and we are unable to follow that process of reasoning whereby it can be deduced that a deficit and a surplus can exist in one fund at the same time.

We are not here concerned with the correction of a clerical error, but with an attempt to make an arbitrary reapportionment of public funds. In order to justify said reapportionment, it must be shown that the original apportionment was erroneous. This cannot be shown except by proof of the origin and source of the funds so reapportioned. Since the evidence wholly fails on this point, the judgment of the trial court is erroneous.

The judgment of the trial court is reversed and the cause remanded for a new trial.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL and ANDREWS, JJ., concur.